The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 18, 2019

## 2019COA56

**No. 17CA0159, *People in Interest of D.M.* — Criminal Law — Sentencing — Restitution — Assessment of Restitution — Federal Controlled Substances Act; Constitutional Law — Sixth Amendment — Federal Supremacy — Preemption**

A division of the court of appeals holds that the Federal Controlled Substances Act, 21 U.S.C. §§ 801-971 (2018), does not preempt Colorado's restitution statutes, and therefore the juvenile court did not err in ordering a juvenile adjudicated delinquent to pay restitution equaling the value of marijuana he stole from a licensed marijuana store. In so deciding, the division distinguishes the Colorado Supreme Court's decision in *People v. Crouse*, 2017 CO 5, holding that the Controlled Substances Act preempts that part of article XVIII, section 14(2)(e) of the Colorado Constitution requiring law enforcement officers to return seized marijuana to a

medical marijuana patient who has been acquitted of unlawful possession.

COLORADO COURT OF APPEALS                                     **2019COA55**

Court of Appeals No. 17CA0159
Boulder County District Court No. 15JD385
Honorable Patrick D. Butler, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of D.M.,

Juvenile-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE J. JONES
Terry and Grove, JJ., concur

Announced April 18, 2019

Philip J. Weiser, Attorney General, Kevin E. McReynolds, Assistant Attorney
General, Denver, Colorado, for Petitioner-Appellee

The Law Office of Thomas W. Martin, LLC, Thomas W. Martin, Fort Collins,
Colorado, for Juvenile-Appellant

¶ 1 Section 18-1.3-603(1), C.R.S. 2018, says that every order of conviction for a criminal offense (with certain exceptions) must "include consideration of restitution." And, unless the sentencing court finds that no victim suffered a pecuniary loss, the court must order the defendant to pay restitution to the victim. *Id.*

¶ 2 Likewise, a juvenile whom the court has adjudicated delinquent must pay restitution for a victim's loss of personal property as required by section 18-1.3-603. § 19-2-918(1), C.R.S. 2018. But what if the victim's pecuniary loss is the value of marijuana stolen from the victim's marijuana store? Can a defendant be required to pay restitution for such loss?

¶ 3 D.M., a juvenile who stole marijuana from a marijuana store, says "no," contending that because the Federal Controlled Substances Act (CSA), 21 U.S.C. §§ 801-971 (2018), makes it a federal offense to distribute marijuana and provides that no one has a property interest in marijuana, Colorado's restitution statutes can't be applied to his conduct. In short, he contends that the CSA preempts the restitution statutes in these circumstances. But because we don't see any positive conflict between the CSA and the

1

restitution statutes, we reject D.M.'s preemption argument and affirm the order of restitution.

## I.    Background

¶ 4    D.M. and two of his friends broke into a licensed marijuana dispensary in the middle of the night and stole marijuana plants and products worth $178,000. The People filed a petition for delinquency, charging D.M. with theft and second degree burglary, both class 3 felonies. D.M. agreed to plead guilty to burglary of a nondwelling, a class 4 felony, in exchange for dismissal of the original charges. The district court accepted the plea agreement, adjudicated D.M. delinquent, and sentenced him to nine months of probation.

¶ 5    The prosecution filed a motion for an order requiring D.M. to pay $178,000 in restitution for the value of the stolen marijuana. D.M. didn't dispute the amount of the loss but argued that the court couldn't order such restitution because the CSA preempts the restitution statutes. The district court rejected that argument and ordered D.M. to pay the store owner $178,000 in restitution.

## II. The CSA Doesn't Preempt Colorado's Restitution Statutes

### A. Standard of Review

¶ 6 We review de novo whether federal law preempts state law. *People v. Crouse*, 2017 CO 5, ¶ 9.

### B. Applicable Law

¶ 7 The principle that federal law may preempt state law is anchored in the Supremacy Clause (Article VI, Clause 2) of the United States Constitution. *Id.* at ¶ 13 (citing *Arizona v. United States*, 567 U.S. 387, 399 (2012)). The Supreme Court has recognized three forms of federal preemption: (1) field preemption — meaning that Congress's intent to displace state law altogether can be inferred by its creation of a pervasive framework of regulation; (2) express preemption — meaning that Congress has enacted a statute expressly preempting state law; and (3) conflict preemption — meaning that complying with both federal and state law is physically impossible so that "the challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Arizona*, 567 U.S. at 399 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)); *see Fuentes-Espinoza v. People*, 2017 CO 98, ¶¶ 23-26. But the Court has also told us

that "courts should assume that 'the historic police powers of the States' are not superseded 'unless that was the clear and manifest purpose of Congress.'" *Arizona,* 567 U.S. at 400 (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947)); *see Fuentes-Espinoza,* ¶ 22.

¶ 8 Just as Congress may say that its law preempts state law, it may say that the federal law does not preempt state law, or that it does only if certain conditions are present. And Congress expressly placed such a limit on preemption in the text of the CSA.

¶ 9 As relevant to this case, the CSA prohibits the possession and distribution of marijuana for nearly all uses. *See* 21 U.S.C. § 802(6) (2018) (definition of a controlled substance); 21 U.S.C. § 841 (2018) (prohibiting manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense); 21 U.S.C. § 844 (2018) (prohibiting possession). And, as D.M. points out, the CSA says "[n]o property right shall exist in . . . [a]ll controlled substances which have been manufactured, distributed, dispensed,

or acquired in violation of this subchapter." 21 U.S.C. § 881(a)(1) (2018).[1]

¶ 10    Nonetheless, Congress expressly limited the preemptive effect of the CSA:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, *unless* there is a *positive conflict* between that provision of this subchapter and that State law so that the two cannot consistently stand together.

21 U.S.C. § 903 (2018) (emphasis added).  So Congress has taken field preemption and express preemption off the table; the only question before us is whether the CSA and the restitution statutes positively conflict when the restitution sought is for the value of stolen marijuana.

### C.    Analysis

¶ 11    D.M. relies on *People v. Crouse*, in which the Colorado Supreme Court held that the return provision of article XVIII,

---

[1] This provision deals with the federal government's right to obtain controlled substances and other things by forfeiture.

section 14(2)(e) of the Colorado Constitution creates a positive conflict with the CSA by requiring law enforcement officers to return seized marijuana to a medical marijuana patient who has been acquitted of unlawful possession. *Crouse,* ¶ 14. The court reasoned that because "the CSA . . . prohibits the distribution of marijuana without regard to whether state law permits it," requiring police officers to deliver — that is, to distribute — seized marijuana to marijuana patients effectively causes officers to violate federal law. *Id.* Put differently, there is a positive conflict "[b]ecause compliance with one law necessarily requires noncompliance with the other." *Id.*

¶ 12    But this case is a horse of a different color. The district court's order only requires D.M. to make the victim whole for value lost because of his conduct. It doesn't require him to violate any provision of the CSA: it doesn't require him to possess marijuana, *see* 21 U.S.C. § 844, and it doesn't require him to manufacture, distribute, dispense, or possess marijuana with the intent to manufacture, distribute, or dispense marijuana, *see* 21 U.S.C. § 841. And while the CSA contains other prohibitions, D.M. doesn't argue that the restitution order requires him to violate any of them.

¶ 13 We aren't persuaded by D.M.'s alternative argument that the order conflicts with the CSA because it effectively recognizes a property interest in marijuana. Though D.M. insists that, "[w]here federal statute provides that a property right cannot exist, a state cannot create a property right," he doesn't cite any authority for that proposition. And there is contrary authority. *See, e.g.*, *Allen v. Cty. of Lake*, No. 14-CV-03934-TEH, 2017 WL 363209, at *6 (N.D. Cal. Jan. 25, 2017) ("[W]hile the Fourteenth Amendment of the federal Constitution may not recognize a property interest in medical marijuana, this does not preclude California from recognizing the property right under its own constitution."); *City of Garden Grove v. Superior Court*, 68 Cal. Rptr. 3d 656, 672-73 (Cal. Ct. App. 2007) (appearing to recognize a property interest in marijuana lawfully possessed under California law).

¶ 14 In any event, recognizing a state property interest in marijuana under Colorado law doesn't positively conflict with the CSA. The CSA's positive conflict preemption requires a showing that the two laws "cannot consistently stand together." 21 U.S.C. § 903. 21 U.S.C. § 881 allows the federal government to obtain and retain controlled substances, and other things, by forfeiture. To

7

that end, it makes clear that no one may avoid forfeiture by asserting a property interest in a controlled substance. Requiring D.M. to pay restitution doesn't hinder in any way the federal government's ability to proceed under the federal forfeiture statute, nor does it somehow provide the store owner a defense to any potential federal forfeiture action.

¶ 15    In sum, mindful that we shouldn't assume Congress intended to supersede the restitution statutes and seeing no positive conflict between the CSA and Colorado's restitution statutes as applied in this case, we hold that the CSA doesn't preempt those statutes.

### III.    Conclusion

¶ 16    We affirm the district court's order.

JUDGE TERRY and JUDGE GROVE concur.