22CA0466 Peo v Douhaj 04-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA0466
City and County of Denver District Court No. 12CR3676
Honorable David H. Goldberg, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Mohammed Douhaj,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

---

Philip J. Weiser, Attorney General, Brock J. Swanson, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Mohammed Douhaj, appeals the postconviction court's denial of his Crim. P. 35(c) motion after an evidentiary hearing.  We affirm.

## I.    Background

¶ 2    Late one summer evening, Douhaj picked up the victim at a bus stop and drove her home in his taxi.  The victim and Douhaj had different accounts of what happened when they arrived at her home.  The victim testified that when the taxi stopped outside her home, she reached for the door.  She then heard a "locking noise," and Douhaj climbed into the backseat and forced her to perform oral sex.  By contrast, Douhaj testified that the sexual encounter was consensual.

¶ 3    The jury rejected the defense and convicted Douhaj of sexual assault by overcoming the victim's will.  For this, Douhaj received an indeterminate prison sentence of six years to life, followed by an indeterminate parole term.

¶ 4    Douhaj directly appealed his conviction, contending that the trial court erred by precluding him from testifying about statements that he claimed the victim made to him before and during the sexual act.  A division of this court agreed that the trial court erred

by excluding the statements. But it concluded that the error wasn't reversible under either a harmless or plain error standard of review because the excluded evidence was cumulative. *People v. Douhaj*, (Colo. App. No. 13CA2020, Oct. 13, 2016) (not published pursuant to C.A.R. 35(e)) (*Douhaj I*).

¶ 5    Douhaj next asked the postconviction court to reconsider his sentence under Crim. P. 35(b). The court granted the request and resentenced Douhaj to an indeterminate ten-year term of sex offender intensive supervised probation (SOISP).

¶ 6    Douhaj then filed a motion for postconviction relief under Rule 35(c). In it, he alleged that his trial counsel had failed to (1) advise him about a determinate plea offer as well as the potential consequences of indeterminate sentencing; and (2) constitutionalize the objection to the exclusion of the victim's statements, which resulted in plain error review of his constitutional contentions in his direct appeal.

¶ 7    The postconviction court held an evidentiary hearing on the motion. Four witnesses testified. But the court didn't hear from Douhaj's trial counsel who had died years earlier.

¶ 8     In a thorough written order, the postconviction court denied the motion, concluding that Douhaj had failed to establish deficient performance as to the first ineffective assistance claim and prejudice as to the second one.

## II.    Ineffective Assistance of Counsel

¶ 9     Douhaj contends the postconviction court erred by denying his two claims of ineffective assistance of counsel.

### A.    Legal Principles and Standard of Review

¶ 10    A criminal defendant has a constitutional right to effective assistance of counsel. *People v. Rainey*, 2023 CO 14, ¶ 1. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense, meaning there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). If a court determines that a defendant has failed to prove either *Strickland* prong, it may deny an ineffective assistance claim without

addressing the other prong. *Id.* at 697; *People v. Villanueva*, 2016 COA 70, ¶ 66.

¶ 11 We review the denial of a Rule 35(c) motion after a hearing as a mixed question of fact and law. *People v. Corson*, 2016 CO 33, ¶ 25. That means we defer to the postconviction court's factual findings if they are supported by the record but review the court's legal conclusions de novo. *Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007). "Where the evidence in the record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review." *People v. Wardell*, 2020 COA 47, ¶ 27.

### B. Plea Offer and Sentencing Exposure

¶ 12 Douhaj contends that the postconviction court erred by denying his claim that his trial counsel was ineffective by failing to adequately convey and explain the prosecution's plea offer and, particularly, the possibility of an indeterminate sentence should he be convicted at trial.

¶ 13 A defendant's right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To show deficient performance in the context of a rejected

4

plea offer, the defendant must demonstrate that counsel failed to properly advise him about the plea offer and his sentencing exposure at trial. *People v. Delgado*, 2019 COA 55, ¶ 17. To show prejudice in this context, the defendant must show a reasonable probability that, but for counsel's deficient advice, the defendant would have accepted the offer, foregoing his right to trial. *Carmichael v. People*, 206 P.3d 800, 807 (Colo. 2009), *overruled on other grounds as recognized by Delgado*, 2019 COA 55; *Delgado*, ¶ 21. The defendant must also demonstrate a reasonable probability that "the prosecution would not have withdrawn it in light of intervening circumstances[], that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164; *Missouri v. Frye*, 566 U.S. 134, 148 (2012); *Delgado*, ¶ 21.

¶ 14     To the extent Douhaj says that his trial counsel failed to convey the plea offer to him, the evidence refutes that claim. Douhaj and his son testified at the Rule 35(c) hearing that trial counsel communicated that the prosecutor had offered "a deal with a long prison term." And the prosecutor testified to the terms of

5

that offer which required Douhaj to plead guilty to second degree assault and attempted sexual assault with a mandatory five to sixteen year prison sentence prison followed by a ten-year term of SOISP.  The plea offer was therefore conveyed to Douhaj.

¶ 15    That leaves Douhaj's claim that his trial counsel didn't explain the possibility of indeterminate sentencing should Douhaj lose at trial.  Without that explanation, Douhaj says that he couldn't make a reasonably informed decision about whether to accept the plea offer.

¶ 16    The postconviction court concluded that trial counsel had adequately conveyed the plea offer to Douhaj and that his performance was not deficient under *Strickland*.  In reaching that conclusion, the court weighed the credibility of the witnesses and ultimately concluded that Douhaj chose to go to trial "not because he did not understand sentencing outcomes, but because he believed that he had a favorable opportunity to win at trial."

¶ 17    Douhaj says the evidence didn't support the court's performance finding.  While we defer to the court's credibility determinations, *Corson*, ¶ 32, we acknowledge that no witness expressly testified that trial counsel explained the possibility of an

6

indeterminate sentence should Douhaj lose at trial. The court also lacked the benefit of trial counsel's testimony. But even if we assume that these evidentiary gaps at the Rule 35 hearing support a finding that trial counsel didn't explain the possibility of an indeterminate sentence, Douhaj failed to establish prejudice.

¶ 18    More specifically, Douhaj never clearly said that he would have accepted the plea offer had his trial counsel explained the possibility of indeterminate sentence should he lose at trial. Indeed, Douhaj's testimony on this point was inconsistent. To illustrate, he testified that he "wouldn't agree to take the plea offer if [he] knew the sentence would be from 5 to 16 years." But he also testified that had his counsel fully informed him about the possible indeterminate sentence, then he would have "considered" accepting the plea offer. Even supposing Douhaj had testified that he would have accepted the mandatory determinate prison sentence if adequately advised, such evidence "in and of itself" is "insufficient to establish prejudice." *Carmichael*, 206 P.3d at 807. To establish prejudice, Douhaj needed to present "some objective corroborating evidence of the reasonable probability that [he] would have accepted the plea offer if not for [his] deficient counsel." *Id.*

¶ 19    Recognizing that requirement, Douhaj argues that the sentencing disparity alone is corroborating evidence that he would have admitted guilt and accepted a mandatory five to sixteen year prison sentence. The problem with that argument is that Douhaj maintained that he was innocent. He claimed before and during trial that the sexual encounter was consensual. And it was a close case with no witnesses or forensic or physical evidence. Even the trial prosecutor admitted the trial outcome "was a coin toss." Given the reasonable chance of an acquittal, there's simply nothing in the record to suggest that Douhaj would have abandoned his innocence claim, admitted guilt before trial, and agreed to a lengthy mandatory prison sentence. *See Lafler*, 566 U.S. at 171 ("[A] court may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his . . . actions."); *see also Delgado*, ¶ 27.

¶ 20    Because Douhaj didn't establish *Strickland* prejudice, the postconviction court properly denied his first claim of ineffective

assistance of counsel.[1]  *See People v. Cooper*, 2023 COA 113, ¶ 7 ("We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.").

### C.    Failure to Constitutionalize an Evidentiary Objection

¶ 21    In his direct appeal, Douhaj argued that the trial court erred by precluding him from testifying about statements that he claims the victim made to him that would have supported his consent defense.  *Douhaj I*, ¶¶ 1-2.  He raised both a preserved evidentiary claim and an unpreserved constitutional claim to the court's ruling.  *Id.* at ¶¶ 13-16.  *Douhaj I* concluded that the court shouldn't have excluded the testimony but that the evidence was cumulative.  *Id.* at ¶¶ 25-30.  It therefore concluded that neither the preserved nor unpreserved claims warranted reversal.  *Id.*

¶ 22    In his Rule 35(c) motion, Douhaj alleged that his trial counsel was ineffective for failing to constitutionalize the objection to the

---

[1] Because we conclude that Douhaj didn't show a reasonable probability that, but for trial counsel's deficient performance, he would have accepted the plea offer, we needn't consider whether Douhaj demonstrated the other prejudice factors articulated in *People v. Delgado*, 2019 COA 55, ¶ 21.

trial court's ruling excluding the victim's statements and that, but for that failure, there was a reasonable probability that *Douhaj I* would have reversed his conviction under the constitutional harmless error standard.

¶ 23     But we do not review evidentiary rulings for constitutional harmless error unless the ruling "effectively barred the defendant from meaningfully testing evidence central to establishing his guilt." *Krutsinger v. People*, 219 P.3d 1054, 1062 (Colo. 2009).  That didn't happen here.  Indeed, Douhaj "put his consent defense squarely before the jury."  *Douhaj I*, ¶¶ 26, 30.  More specifically, Douhaj testified that

- the victim flagged him down at the bus stop;

- she started kissing him;

- she removed his penis from his pants;

- she began fellating him on her own initiative;

- she voluntarily performed the sex act;

- he did not force her to do so;

- he did not threaten her;

- she was "the one who guide[d] [him] . . . to do things that she want[ed] [him] to do";

- when the sex act was over, he gave her money; and

- they exchanged phone numbers.

*Id.* at ¶ 26.

¶ 24 Because Douhaj thoroughly presented his consent defense to the jury, even had trial counsel constitutionalized his evidentiary objection, *Douhaj I* would have reviewed the contention for nonconstitutional harmless error. *See Hagos v. People*, 2012 CO 63, ¶ 12. And because *Douhaj I* concluded that the evidentiary error was harmless, there is no reasonable probability that the outcome of the case would have been different had trial counsel constitutionalized his evidentiary objection.

¶ 25 Finally, because he didn't sufficiently develop it in his Rule 35(c) motion or at the evidentiary hearing, we will not consider Douhaj's contention that trial counsel was ineffective for failing to impeach the victim with her purported prior inconsistent statements.[2] *See People v. Goldman,* 923 P.2d 374, 375 (Colo. App.

---

[2] While Douhaj's Crim. P. 35(c) motion has a heading referencing trial counsel's failure "to properly impeach" the victim, the motion contains no prior inconsistent statement arguments. This issue wasn't developed in the Rule 35(c) motion or reply, addressed at the evidentiary hearing, or mentioned in Douhaj's post-hearing brief.

1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review."); *accord People v. Stovall*, 2012 COA 7M, ¶ 3. And to the extent Douhaj raises new evidentiary contentions in his reply brief, we don't consider those either. *See People v. Vanderpauye*, 2021 COA 121, ¶ 69 n.10, *aff'd* 2023 CO 42.

## III. Disposition

The order is affirmed.

JUDGE TOW and JUDGE MEIRINK concur.