24CA1241 Peo v Allender 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1241
Adams County District Court No. 21CR2074
Honorable Sean Finn, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Matthew Anthony Allender,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Moultrie and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Everett Pritchard, Alternate Defense Counsel, Breckenridge, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Matthew Anthony Allender appeals the denial of his Crim. P. 35(c) motion after an evidentiary hearing.  We affirm the order.

## I.    Background

¶ 2    The prosecution charged Allender with two counts of second degree assault — class 4 felonies — based on evidence that he had strangled the victim, his mother, and broken her tibia.  In exchange for dismissal of the felony charges, Allender pleaded guilty to one count of third degree assault — a class 1 misdemeanor.  The parties stipulated to a probationary sentence including substance abuse and mental health evaluations and treatment.  The district court sentenced Allender to two years of probation with standard terms and conditions, plus the requirement that he complete substance abuse and mental health evaluations and treatment.

¶ 3    After the probation department moved to revoke Allender's probation, Allender filed a pro se motion under Crim P. 35(c), alleging, as relevant here, ineffective assistance of counsel claims.  The district court appointed postconviction counsel, who supplemented the Crim. P. 35(c) motion and alleged that plea counsel had provided ineffective assistance by failing to advise

1

Allender about the different levels of probation supervision and failing to interview the victim.

¶ 4     After an evidentiary hearing, the district court denied the motion.

## II.     Discussion

¶ 5     Allender contends that the district court erred by denying his ineffective assistance of counsel claims.

### A.     Legal Principles and Standard of Review

¶ 6     To establish a claim of ineffective assistance, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). Failure to prove either of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 7     To establish prejudice in the context of a guilty plea, a defendant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *People v. Sifuentes*, 2017 COA 48M, ¶ 20. This standard requires some objective evidence corroborating a

defendant's own testimony that he would have made a different decision about the plea. *Id.*; *Carmichael v. People*, 206 P.3d 800, 807 (Colo. 2009), *overruled on other grounds as recognized by People v. Delgado*, 2019 COA 55. "In the end, the defendant 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Sifuentes*, ¶ 20 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

¶ 8 In a Crim. P. 35(c) proceeding, we presume the validity of the conviction, and the defendant bears the burden of proving that he is entitled to postconviction relief. *Dunlap v. People*, 173 P.3d 1054, 1061 (Colo. 2007). We review a district court's post-hearing denial of a Crim. P. 35(c) motion as a mixed question of fact and law. *See Sifuentes*, ¶ 16. We defer to the court's factual findings if supported by the evidence, and we review de novo the court's legal conclusions. *See id.*

### B. Ineffective Assistance of Counsel

¶ 9 Allender first argues that his plea counsel was deficient for not advising him about "the possibility of intensive supervised probation." But we needn't consider whether counsel was required to do that because Allender presented no objective evidence

3

corroborating his claim that had he known about the "possibility" of intensive supervised probation, he would have rejected the plea offer and proceeded to trial. *See Sifuentes*, ¶ 20; *see also Carmichael*, 206 P.3d at 807 (a defendant's self-serving claim of prejudice is insufficient without some objective, corroborating evidence).

¶ 10 Beyond that, Allender introduced no evidence to show that rejecting the plea offer under the circumstances presented would have been rational. *See Sifuentes*, ¶ 20. That's most likely because the evidence against Allender was considerable, and the risks of going to trial on two felony counts was significant. *See id.* at ¶ 21 (holding that a rationality analysis is informed by the strength of the prosecution's case and the attractiveness of the plea deal versus the risks of going to trial). Indeed, the victim told officers that Allender had strangled her and thrown her to the ground, and the victim's statements were made soon after the incident and captured on an officer's body-worn camera. The police observed injuries, including petechiae in her eyes and redness and scratches on her neck. They also observed knee swelling and a substantial amount of blood around the victim's nose and mouth. Photographs

documented the victim's injuries and a physician's statement confirmed that she had suffered serious bodily injury — a tibial fracture. And had Allender been convicted at trial on both felonies, he faced up to thirty-two years in prison. *See* §§ 18-1.3-401(1)(a)(V.5)(A), (8)(a)(I), (10)(a); 18-1.3–406(1)(a), (2)(a)(I), (II)(C), C.R.S. 2025. Instead, he received a plea offer to a single misdemeanor count with a stipulated probationary sentence. Given these circumstances, it would have been irrational for Allender to reject the plea offer.

¶ 11 For similar reasons, we reject Allender's claim that he would have rejected the plea offer and gone to trial had his plea counsel made additional efforts to interview the victim. The victim did not testify at the Crim. P. 35(c) hearing and Allender presented no evidence that the victim would have recanted or testified that Allender did not assault her. And even had she recanted, as outlined above, given the strength of the evidence along with the significant risks of going to trial, it would not have been rational for Allender to reject a plea offer to a class 1 misdemeanor with a stipulated probationary sentence. *See Sifuentes*, ¶ 20.

¶ 12 Because Allender did not establish a reasonable probability that, but for counsel's alleged errors, he would have rejected the misdemeanor plea offer and insisted on going to trial, we agree with the district court that his ineffective assistance claims fail. *See Thompson*, ¶ 50; *Sifuentes*, ¶ 20.

## III. Disposition

¶ 13 The order is affirmed.

JUDGE MOULTRIE and JUDGE BERNARD concur.