The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 26, 2020

**2020COA47**

**No. 17CA1060, *People v. Wardell* — Criminal Procedure —
Presence of the Defendant — Postconviction Remedies**

A division of the court of appeals considers whether a

defendant has a constitutional right or right by rule to be present in

person at a Crim. P. 35(c) evidentiary hearing.  The division

concludes that a defendant does not have such a right.  Rather,

whether to grant a defendant's request to be present in person at a

postconviction hearing is an issue within the postconviction court's

discretion.  In this case, the division concludes that the

postconviction court did not abuse its discretion in denying

defendant's request to be physically present because defendant was

in federal prison out of state and defendant had agreed to testify

telephonically.

COLORADO COURT OF APPEALS                                    **2020COA47**

Court of Appeals No. 17CA1060
Larimer County District Court No. 94CR776
Honorable Gregory M. Lammons, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Wendel Robert Wardell, Jr.,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE ROMÁN
Dunn and Rothenberg*, JJ., concur

Announced March 26, 2020

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Victor T. Owens, Alternate Defense Counsel, Parker, Colorado, for Defendant-
Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     Defendant, Wendel Robert Wardell, Jr., asserts that he had the right to appear at a Crim. P. 35(c) postconviction hearing, that he sufficiently established ineffective assistance of counsel, and that his plea in this case was involuntary.  Deciding an issue of first impression in Colorado, we conclude that a defendant does not have a right to appear in person at a Crim. P. 35(c) evidentiary hearing.  Rather, whether a defendant may appear in person is subject to the postconviction court's discretion.  In this case, we conclude that the postconviction court did not abuse its discretion when it denied defendant's request to be present in person at the Crim. P. 35(c) evidentiary hearing.  We also reject defendant's substantive Rule 35(c) claims.  Thus, we affirm.

## I.     Background

¶ 2     This case comes to us with a tortuous procedural history.  In 1994, defendant pled guilty to one count of fraud by check and was sentenced to eighteen months in prison.  Subsequently, he appealed the denial of a pre-plea motion to dismiss the case, which was affirmed by another division of this court in *People v. Wardell,* (Colo. App. No. 95CA0049, Apr. 18, 1996) (not published pursuant to C.A.R. 35(f)).

¶ 3     In 1996, defendant filed a pro se motion for appointment of counsel for the purpose of pursuing a Crim. P. 35(c) motion based upon alleged ineffective assistance of his plea counsel and appellate counsel. The postconviction court denied the motion, finding no meritorious claim for relief under Crim. P. 35(c). Defendant appealed that ruling, and a division of this court affirmed in *People v. Wardell*, (Colo. App. No. 96CA1274, Mar. 19, 1998) (not published pursuant to C.A.R. 35(f)).

¶ 4     In 1998, defendant, again acting pro se, filed a Crim. P. 35(c) motion based upon the following allegations: (1) defendant had been denied the effective assistance of his plea counsel; (2) he had been denied the effective assistance of his second appellate counsel; and (3) his guilty plea was involuntary as a result of the ineffective assistance of his plea counsel. The postconviction court denied the motion without a hearing, finding that the basis for that motion was the same as that which had been raised by prior motions and denied by the court.

¶ 5     In 2000, another division of this court affirmed in part, reversed in part, and remanded the case with instructions based on the trial court's failure to appoint postconviction counsel or hold an

2

evidentiary hearing. *People v. Wardell*, slip op. at 9 (Colo. App. No. 99CA1040, Oct. 12, 2000) (not published pursuant to C.A.R. 35(f)). The division instructed the postconviction court "to appoint counsel to represent defendant at an evidentiary hearing to determine: (1) whether defendant's plea counsel provided ineffective assistance by threatening to withdraw if defendant did not plead guilty; and (2) whether counsel's alleged threats rendered defendant's guilty plea involuntary." *Id.* The division also instructed the court on remand to "enter findings of fact and conclusions of law with respect to these two issues." *Id.*

¶ 6     The postconviction court issued an order again denying defendant's Rule 35(c) motion without an evidentiary hearing. Instead, the postconviction court relied on appointed counsel's written representation that defendant lacked a meritorious claim. On appeal, a division of this court found that the postconviction court erred and remanded the case for an evidentiary hearing in accordance with the instructions from the 2000 *Wardell* decision. *See People v. Wardell*, (Colo. App. No. 13CA0926, Aug. 20, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 7     Back on remand, prior to the evidentiary hearing, defendant requested that the postconviction court issue a writ to bring him from federal prison in South Carolina to the hearing.[1]  The postconviction court denied defendant's request.

¶ 8     The postconviction court then held an evidentiary hearing and allowed defendant to present postconviction claims from two cases — this case and 92CR995 — because defendant's motions relied on the same or similar factual arguments; namely, that defendant was coerced into pleading guilty in this case and that, as a result, his plea was not voluntary.[2]

¶ 9     At the hearing, defendant appeared and testified telephonically and was represented in person by counsel.  The only evidence presented to the postconviction court was defendant's testimony.

---

[1] To writ the defendant in this case, the postconviction court would have issued an order requiring that defendant be transported from federal prison in South Carolina to the hearing in Colorado.

[2] In 92CR995, defendant pled guilty to theft by check in exchange for deferred judgment and sentence.  When defendant pled guilty in this case, he confessed the motion to revoke deferred judgment and sentencing.  Therefore, defendant's claims of coercion affect both this case and 92CR995.

¶ 10    In separate orders, the postconviction court denied all of defendant's postconviction claims in this case and in 92CR995. Defendant now appeals.[3]

## II.    Analysis

¶ 11    Defendant contends the postconviction court erred by denying his request to appear in person at the evidentiary hearing.  To address defendant's claim, we must first consider whether a defendant has a right to be present in person at such a hearing.

### A.    Does Defendant Have a Right to be Present in Person at a Postconviction Hearing?

¶ 12    We hold that in Colorado a defendant does not have a right to be present in person at a Crim. P. 35(c) hearing.  This is true whether analyzed as a constitutional right or right by rule.

¶ 13    "Both the United States Constitution and the Colorado Constitution 'guarantee the right of a criminal defendant to be present at all critical stages of the prosecution.'" *Zoll v. People*, 2018 CO 70, ¶ 19 (quoting *People v. White*, 870 P.2d 424, 458 (Colo. 1994)).  However, the right to presence is not absolute, nor does

---

[3] Defendant appeals both orders.  We resolve the companion case in a separate opinion, *People v. Wardell*, (Colo. App. No. 17CA1059, Mar. 26, 2020) (not published pursuant to C.A.R. 35(e)).

every criminal proceeding constitute a "critical stage." *See id.* at

¶ 20.

¶ 14    Indeed, "[c]onstitutional guaranties protected by [article II, section 16 of the Colorado Constitution] relate to trial *and not to proceedings thereafter* unless a new trial is granted." *Agnes v. People*, 104 Colo. 527, 538, 93 P.2d 891, 896 (1939) (emphasis added); *see* Colo. Const. art. II, § 16 ("In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . . ."); *see also* 15 Robert J. Dieter, *Colorado Practice Series, Criminal Practice and Procedure* § 16.41, Westlaw (2d ed. database updated Oct. 2019) ("The right to be present encompasses all trial-related proceedings . . . .  This extends from jury selection through sentencing, but does not extend to post-trial matters . . . .") (footnotes omitted).

¶ 15    Federal courts have repeatedly held that the right to be present under the United States Constitution does not apply to postconviction proceedings analogous to Crim. P. 35(c) hearings. *See United States v. Hayman*, 342 U.S. 205, 222-23 (1952) ("Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under

6

[28 U.S.C. § 2255 (2018)] is an independent and collateral inquiry . . . . Whether the prisoner should be produced depends upon the issues raised by the particular case."); *United States v. Bergman*, 746 F.3d 1128, 1130 (10th Cir. 2014); *see also Bucci v. United States*, 662 F.3d 18, 32 (1st Cir. 2011). Accordingly, defendant did not have a constitutional right to be present at his Crim. P. 35(c) hearing.

¶ 16     Nor does a defendant have a right by rule to appear in person at a postconviction hearing. Crim. P. 43, which enumerates stages of the criminal process at which a defendant must be physically present, does not include a Rule 35(c) hearing.[4] Similarly, Rule 35(c) does not address a defendant's presence at an evidentiary hearing. Rather, Crim. P. 35(c)(3)(V) reads, in relevant part: "If the court does not deny the motion . . . the court shall grant a prompt hearing on the motion . . . . At the hearing, the court shall take whatever evidence is necessary for the disposition of the motion."

---

[4] Crim. P. 43(a) requires that the defendant "be present at the preliminary hearing, at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."

This language says nothing about how the evidence must be presented.

¶ 17    Because there is no constitutional or rule-based requirement that a defendant be present in person at a Crim. P. 35(c) postconviction hearing, we conclude that whether to grant a defendant's request to be present at a postconviction hearing is within the postconviction court's discretion.

### B.    Did the Postconviction Court Abuse its Discretion?

¶ 18    We consider next whether the postconviction court abused its discretion by denying defendant's request to be present in person at the evidentiary hearing.

### 1.    Standard of Review and Applicable Law

¶ 19    Generally, "a proceeding under Crim. P. 35(c) is governed by equitable principles." *People v. Turman*, 659 P.2d 1368, 1370 (Colo. 1983).  "[A] trial court is obligated to administer justice, control the decorum of the courtroom, and make sure that cases are decided on appropriate grounds." *People v. Finney*, 2012 COA 38, ¶ 64 (concluding that a postconviction court correctly limited the time in which a defendant could present his case during a Crim. P. 35(c) hearing), *aff'd*, 2014 CO 38.  "To achieve these ends, courts have

8

broad discretion to control the 'mode and extent of the presentation of evidence.'" *Id.* (quoting *People v. Cole*, 654 P.2d 830, 832 (Colo. 1982)).

¶ 20 We review a postconviction court's denial of a defendant's request to be present at a Crim. P. 35(c) evidentiary hearing for an abuse of discretion. *See Bucci*, 662 F.3d at 32 ("Whether the petitioner should be present at his § 2255 hearing 'depends upon the issues raised by the particular case,' and is a matter left to the district court's sound discretion.") (citations omitted); *see also Teffeteller v. Dugger*, 676 So. 2d 369, 371 (Fla. 1996) ("[I]t is within the [postconviction] court's discretion to determine whether or not a prisoner should be present at a postconviction relief hearing . . . ."). "To constitute an abuse of discretion, the postconviction court's decision must be shown to be manifestly arbitrary, unreasonable, or unfair." *People v. Hardin*, 2016 COA 175, ¶ 30.

¶ 21 "[W]e review nonconstitutional trial errors that were preserved by objection for harmless error." *Hagos v. People*, 2012 CO 63, ¶ 12. "[W]e reverse if the error 'substantially influenced the verdict or affected the fairness of the trial proceedings.'" *Id.* (quoting *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986)).

## 2.    Discussion

¶ 22    Under the circumstances here, we discern no abuse of discretion in the postconviction court's denial of defendant's request to be physically present at the postconviction hearing.  Defendant was located in federal prison in South Carolina.  "The expectation of an applicant's presence [at a postconviction proceeding] is not applicable if the applicant is confined in another state and cannot be removed to the court in which the application is pending without undue expense or delay."  IV *ABA Standards for Criminal Justice* § 22-4.6 cmt. (2d ed. 1980));  *see also Turman,* 659 P.2d at 1370 ("We have often looked to the American Bar Association *Standards for Criminal Justice* for guidance in the area of postconviction remedies.").

¶ 23    Further, the postconviction court attempted to secure defendant's testimony via video conference, which proved impossible due to technological deficiencies in Larimer County.  The postconviction court, the federal prison, and counsel agreed that a telephonic conference was possible.  At a status hearing, defense counsel told the postconviction court that she had advised defendant she was opposed to him testifying via telephone.

However, over counsel's objection, defendant instructed counsel to accept the telephonic hearing. In response, the postconviction court stated: "Well, it is not ideal, but I guess it's certainly something – I'm certainly willing to accept that waiver if he has any right beyond a telephone conference." Because the postconviction court attempted to secure video conferencing and defendant accepted the telephonic conference, the postconviction court did not abuse its discretion in this case.

¶ 24 Defendant also argues that the hearing was unfairly prejudicial because the postconviction court could not see his body language or demeanor.[5] However, the postconviction court rested its credibility conclusions on the disparity between the *substance* of defendant's testimony and the factual record.

¶ 25 Thus, under the particular facts of this case, we conclude the postconviction court properly exercised its discretion by denying defendant's request to appear in person. Having concluded that

---

[5] Defendant points out that the telephone connection cut out at the close of the hearing. But, our examination of the record leads us to conclude that defendant had sufficient opportunity to present testimony, and at the time of the lost connection, he had concluded his testimony, defense counsel had finished closing argument, and the People were in the middle of their closing.

there was no error in conducting the hearing without defendant being present in person, we turn to whether the court's substantive rulings are correct.

### C. Defendant's Postconviction Claims

¶ 26 Defendant argues that the postconviction court erred by (1) denying his ineffective assistance claims and (2) rejecting his claim that his plea was involuntary. We discern no error.

### 1. Ineffective Assistance of Counsel

#### a. Standard of Review and Applicable Law

¶ 27 A claim of ineffective assistance of counsel presents mixed questions of fact and law. *Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007). Where the evidence in the record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review. *Id.* at 1062.

¶ 28 A criminal defendant has a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994). When evaluating the effectiveness of counsel, we use the two-prong test set forth in *Strickland*. *See Hagos*, ¶ 17. This test requires a

12

defendant to establish (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Unless both showings are made, a defendant has not proved that he was denied effective assistance of counsel. *Id.*

¶ 29 Counsel's performance is deficient when the representation falls below "an objective standard of reasonableness." *Id.* at 688. A strong presumption exists that counsel provided adequate assistance and exercised reasonable professional judgment with regard to significant decisions. *People v. Hickey*, 914 P.2d 377, 379 (Colo. App. 1995). Thus, the defendant must overcome a strong presumption that counsel's challenged action may have been sound strategy. *People v. Trujillo*, 169 P.3d 235, 238 (Colo. App. 2007) (citing *Strickland*, 466 U.S. at 689). To overcome this presumption, the defendant must establish that his counsel made one or more errors that were so flagrant that they more likely resulted from neglect or ignorance rather than from informed professional deliberation. *Strickland*, 466 U.S. at 690.

## b. Discussion

¶ 30 The postconviction court made detailed factual findings in its order denying defendant's Crim. P. 35(c) motion.

¶ 31 First, the postconviction court found that defendant's testimony at the evidentiary hearing was not credible because it was refuted by the record. Specifically, the postconviction court rejected defendant's testimony regarding a "lengthy colloquy" with the sentencing court as not credible because there was no record of such a conversation in the transcripts.[6] For similar reasons, the postconviction court found not credible defendant's testimony about a letter he wrote to the court because defendant's testimony regarding the contents of the letter did not match what was read to the sentencing court. The court found that "[d]efendant's testimony did not exhibit minor lapses in memory; it evidenced purposeful efforts to deceive the [c]ourt, which only escalated after the sentencing transcript was not located and, again, after the [d]efendant learned the contents of the court records."

---

[6] After the Crim. P. 35(c) hearing, the postconviction court located the transcripts from the sentencing hearing, where both the plea colloquy and sentence determination took place.

14

¶ 32     Second, the postconviction court found, with record support, that plea counsel was adequately prepared, interviewed potential witnesses, and filed motions to suppress and to obtain an out-of-state witness.  The postconviction court further found that, during the plea colloquy, plea counsel told the sentencing court that he had no reason to believe there had been "any acts of coercion" used against defendant.  The court also found that plea counsel properly advised defendant about the charges he faced and the possible consequences of a plea, including that he faced a habitual offender charge and up to a life sentence if convicted at trial.  The court rejected defendant's testimony that plea counsel threatened him.

¶ 33     Third, the postconviction court found from the record of the plea colloquy that defendant had told the sentencing court, under oath, that (1) he understood the plea agreement and the court's questionnaire; (2) there were no threats or acts of coercion used against him to force him to enter into the plea agreement; and (3) he was entering into the plea freely and voluntarily.  Defendant also initialed and signed the sentencing court's questionnaire and wanted the court to rely on the truth of those statements.  Defendant told the sentencing court that the plea was in his best

15

interest, and the postconviction court found that the plea was favorable to defendant.

¶ 34 Because the postconviction court's findings of fact and conclusions of law sufficiently provided the basis of its ruling — namely, that defendant failed to present evidence that would justify relief or satisfy the deficiency prong of *Strickland*— we affirm the postconviction court's orders. *See Dunlap*, 173 P.3d at 1061; *People v. Breaman*, 939 P.2d 1348, 1352 (Colo. 1997).

¶ 35 We turn next to defendant's claim that the court erred by finding that his plea was voluntary.

### 2. Voluntariness of Plea

#### a. Standard of Review and Applicable Law

¶ 36 A claim asserting that a guilty plea was involuntary presents a mixed question of law and fact. *People v. Corson*, 2016 CO 33, ¶ 25. "We consider the totality of the circumstances to determine whether the guilty plea was entered knowingly, voluntarily, and intelligently." *Id.* (quoting *Sanchez-Martinez v. People*, 250 P.3d 1248, 1257 (Colo. 2011)). We review the postconviction court's legal conclusions de novo but defer to the postconviction court's factual findings if they are supported by the record. *Id.*

16

¶ 37    "A guilty plea must represent 'a voluntary and intelligent choice among the alternative courses of action open to the defendant' and must be the product of 'a free and rational choice.'" *Id.* at ¶ 27 (quoting *People v. Kyler*, 991 P.2d 810, 816 (Colo. 1999)). "[A] defendant who seeks to set aside a conviction based on a guilty plea must make a prima facie showing that the plea was unconstitutional." *Sanchez-Martinez,* 250 P.3d at 1255.

### b.    Discussion

¶ 38    As relevant here, the postconviction court found the following:

- The court's and counsel's advisements to defendant were not coercive in nature because they were proper advisements about the circumstances of the case and the consequences of defendant's plea.

- Defendant signed the sentencing court's questionnaire about the plea to the 1994 charge that indicated he was not coerced or threatened, and the sentencing court relied on the truth of those statements during the plea colloquy.

- Defendant represented under oath at the sentencing hearing that he was aware of the charges against him, their elements, and the potential sentence.

- Defendant discussed the plea with counsel on multiple occasions.

- Defendant's allegations that he was threatened with the prospect of proceeding pro se were not credible and were belied by the record that reflected defendant's ability to voice grievances against counsel and seek appointment of new counsel throughout the years.

¶ 39    We discern no error in the postconviction court's findings of fact or its legal conclusions.  Because the record supports its findings that defendant's guilty plea was not coerced or involuntary, and that defendant's testimony at the evidentiary hearing was factually refuted, we affirm.

### III.    Conclusion

¶ 40    The order is affirmed.

JUDGE DUNN and JUDGE ROTHENBERG concur.

18