23CA0803 Peo v Gonzales 12-11-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0803
City and County of Denver District Court No. 12CR4119
Honorable Jennifer B. Torrington, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Onesimo J. Gonzales,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Lum and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

---

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Victor T. Owens, Alternate Defense Counsel, Parker, Colorado, for Defendant-Appellant

¶ 1     Defendant, Onesimo J. Gonzales, appeals the postconviction court's post-hearing denial of his three ineffective assistance of counsel claims. We affirm.

## I.     Background

¶ 2     At trial, the prosecution introduced the following evidence.

¶ 3     Gonzales and his girlfriend, Darlene Sandoval, were heading to Gonzales's truck after leaving a bar. Michael Taylor, who was in line at a nearby food truck, witnessed Gonzales hit Sandoval in the parking lot. A few minutes later, Taylor saw Gonzales aggressively holding Sandoval down in the cab of his truck. Taylor called the police and then approached the truck to intervene. At the same time, Myron Garrett, a security guard at the bar, also approached the truck. Both Taylor and Garrett told Gonzales to stop. Gonzales exited the truck, pulled a handgun from the truck bed, and fired a shot between Taylor's legs. Police arrested Gonzales at the scene.

¶ 4     Following a trial, a jury convicted Gonzales of attempted second degree murder and attempted first degree assault against Taylor but acquitted him of third degree assault against Sandoval. After a separate hearing, the court adjudicated Gonzales a habitual

criminal and sentenced him to sixty-four years in the custody of the Department of Corrections.

¶ 5 A division of this court affirmed Gonzales's conviction on direct appeal. *See People v. Gonzales*, (Colo. App. No. 13CA1756, June 9, 2016) (not published pursuant to C.A.R. 35(e)).

¶ 6 Gonzales timely filed a pro se Crim. P. 35(c) motion alleging seven counts of ineffective assistance of counsel and entitlement to the benefit of a change in the law impacting his habitual criminal adjudication. Gonzales filed a separate motion for a proportionality review of his sentence. The postconviction court issued a written order denying Gonzales's postconviction claims[1] and a separate order rejecting Gonzales's proportionality claim.

¶ 7 Gonzales appealed both orders. A division of this court affirmed the proportionality ruling and the summary denial of two ineffective assistance claims. *See People v. Gonzales*, (Colo. App. No. 17CA2220, July 16, 2020) (not published pursuant to C.A.R. 35(e)). But the division remanded the case for a more complete review of the five remaining ineffective assistance claims. *Id.*

---

[1] Initially, the postconviction court denied Gonzales's Crim. P. 35(c) motion as untimely. The court later withdrew this erroneous order.

2

¶ 8    On remand, the postconviction court issued a written order summarily denying three of Gonzales's ineffective assistance claims but granted a hearing on the remaining two claims. The postconviction court appointed counsel, who supplemented the pro se motion to raise three additional claims. The court held a hearing to address the following four claims: (1) trial counsel failed to investigate the habitual criminal charges; (2) trial counsel failed to adequately advise Gonzales regarding his plea offer; (3) trial counsel failed to subpoena Garrett; and (4) trial counsel failed to competently advise Gonzales of his right to testify.[2] It then issued a written order rejecting each of the claims. Gonzales now appeals that order.

<h2 style="text-align:center">II.    Ineffective Assistance of Counsel</h2>

¶ 9    Gonzales contends the postconviction court erred by denying his second, third, and fourth ineffective assistance claims.[3] We address, and reject, each claim in turn.

---

[2] Defense counsel did not argue Gonzales's fifth ineffective assistance claim at the hearing.

[3] Gonzales does not appeal the denial of his first claim.

## A. Standard of Review and Applicable Law

¶ 10 Criminal defendants are constitutionally entitled to effective assistance from their counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To prevail on an ineffective assistance claim, a defendant must prove by a preponderance of the evidence that (1) counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Duke*, 36 P.3d 149, 151 (Colo. App. 2001). If a defendant fails to prove either the performance or prejudice prong, the court may resolve the claim on that basis alone. *People v. Osorio*, 170 P.3d 796, 800 (Colo. App. 2007).

¶ 11 Under the performance prong, "a defendant must prove that counsel's representation 'fell below an objective standard of[] reasonableness.'" *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (quoting *Strickland*, 466 U.S. at 688). Counsel is entitled to a strong presumption that their conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional

4

errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability means a 'probability sufficient to undermine confidence in the outcome.'" *Hagos v. People*, 2012 CO 63, ¶ 17 (quoting *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003)).

¶ 12 We review a postconviction court's ruling on a Crim. P. 35(c) motion following an evidentiary hearing as a mixed question of fact and law. *Dunlap*, 173 P.3d at 1063. "[W]e defer to the court's findings of fact if they are supported by the record but review legal conclusions de novo." *Id.* The postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing. *People v. Hardin*, 2016 COA 175, ¶ 39. Accordingly, "[w]here the evidence in the record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review." *People v. Wardell*, 2020 COA 47, ¶ 27.

## B. Analysis

### 1. Failure to Adequately Advise Gonzales of Plea Offer

¶ 13 Gonzales first contends that he was prejudiced by trial counsel's failure to sufficiently advise him about his plea offer. Gonzales argues that counsel "did not explain to him the benefits of

5

pleading guilty" or that "proceeding to trial would increase the charges levied against him," and that his subsequent rejection of the plea agreement was not informed and well reasoned.

¶ 14    To show prejudice based on a rejected plea offer, a defendant must demonstrate a reasonable probability that (1) they would have accepted the plea offer; (2) the prosecution would not have withdrawn it in light of intervening circumstances; (3) the court would have accepted its terms; and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were imposed. *People v. Delgado*, 2019 COA 55, ¶ 21.

¶ 15    At the evidentiary hearing, Gonzales's trial counsel testified that she met with Gonzales multiple times to discuss the prosecution's plea offer and the possible consequences associated with continuing to trial should he be charged and sentenced as a habitual criminal. She also testified that Gonzales maintained his innocence throughout the proceedings and that "he didn't want to agree to [the Department of Corrections] no matter what." Finally, she stated that during their discussions "[Gonzales's] feeling[s] were

that if [the prosecution is] going to send me to prison, they're going to have to prove their case."

¶ 16    The court was persuaded by trial counsel's testimony and found "that the defendant was adamant that he was not guilty of the charged conduct and would not accept a plea offer that included any period of incarceration." Because it has record support, we must defer to the trial court's factfinding. *Dunlap*, 173 P.3d at 1063. In light of this fact, Gonzales did not show there was a reasonable probability he would have accepted the plea offer. Thus, he has failed to satisfy the prejudice prong. *See Delgado*, ¶ 21.

2.    Failure to Investigate and Subpoena Witness

¶ 17    Gonzales next contends that he was prejudiced by trial counsel's failure to investigate and subpoena a witness with exculpatory evidence. Gonzales argues that trial counsel should have called Garrett, who was an eyewitness to the incident, because he could have offered favorable testimony supporting a defense of intoxication or self-defense. Specifically, Gonzales argues that Garrett could have "provide[d] evidence as to Mr. Gonzales'[s] extremely intoxicated state throughout the evening," and that Garrett's statement to the police after the incident "suggested

7

[Taylor] was highly aggressive and seeking conflict with Mr.

Gonzales."

¶ 18     Criminal defendants are entitled to sufficiently thorough pretrial investigations "to develop potential defenses and uncover facts relevant to guilt and punishment." *People v. Davis*, 849 P.2d 857, 861 (Colo. App. 1992), *aff'd*, 871 P.2d 769 (Colo. 1994).  When reviewing an ineffective assistance claim, the court must evaluate trial counsel's alleged failure to investigate for reasonableness, "applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

¶ 19     At the evidentiary hearing, trial counsel testified that her investigator interviewed Garrett.  She recalled that Garrett's statement to the police, while different from what Taylor said, "wasn't super helpful."  Trial counsel testified that Garrett's statement to the police and his statement to the investigator both indicated that Gonzales pulled a gun and shot at Taylor, which posed a problem given Gonzales "was adamantly against admitting he fired the gun."  Thus, even if Garrett's testimony may have indicated that Taylor was more aggressive in the encounter than he let on, it nevertheless would have essentially acknowledged that

Gonzales pointed and fired the gun in response to that aggression as a means of self-defense, which Gonzales adamantly denied. Gonzales thus has failed to establish that the absence of Garrett's testimony prejudiced him.

### 3. Coercing Gonzales to Waive Right to Testify

¶ 20 Finally, Gonzales argues that trial counsel's performance was deficient when she failed to adequately advise him of his constitutional right to testify and overrode his personal desire to testify in his own defense.

¶ 21 To prevail on this claim, a defendant must prove "that defense counsel's action or inaction in counseling the defendant on [their] right to testify fell below the professional level of competence . . . and thereby deprived the defendant of [their] ability to make an informed and voluntary decision on whether to exercise [their] right to testify," and that the result of the trial would have been different absent counsel's deficient performance. *People v. Naranjo*, 840 P.2d 319, 325 (Colo. 1992).

¶ 22 Trial counsel testified that Gonzales "never told [her] that he wanted to testify in his trial," which she considered sensible because he maintained that "he did not remember what happened

9

that night because he was so drunk." She also stated that during the trial she requested additional time to speak with Gonzales to clarify his position on testifying. The court granted this request. And the record reflects that Gonzales received a proper *Curtis* advisement. *See People v. Curtis*, 681 P.2d 504 (Colo. 1984).

¶ 23 During the postconviction hearing, Gonzales maintained that "counsel was nagging him and pushing him to waive his fundamental constitutional right to testify," and that counsel told him "if he testified in his own defense the court would surely adjudicate him as a habitual criminal." At the hearing, Gonzales offered no corroborating evidence for this claim. Therefore, the district court was left to weigh the credibility of counsel's and Gonzales's testimony. *Hardin*, ¶ 39. The postconviction court found that between the *Curtis* advisement and counsel's testimony, Gonzales made a "voluntary, knowing, and independent decision not to testify at trial." The postconviction court's findings are supported by the record, and we will not disturb them on review. *Dunlap*, 173 P.3d at 1063. Gonzales's claim thus fails. *See Naranjo*, 840 P.2d at 325.

### III. Disposition

¶ 24   The order is affirmed.

JUDGE LUM and JUDGE MOULTRIE concur.