24CA1327 Peo v Bobian 05-07-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1327
El Paso County District Court No. 14CR1322
Honorable Jessica Curtis, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Conrad Bobian,

Defendant-Appellant.

ORDER AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE KUHN
Fox, J., concurs
Sullivan, J., concurs in part and dissents in part

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

Philip J. Weiser, Attorney General, Brock J. Swanson, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Janet Kinniry, Alternate Defense Counsel, Gardner, Colorado, for Defendant-Appellant

¶ 1    Defendant, Michael Conrad Bobian, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief after an evidentiary hearing.  We affirm in part, reverse in part, and remand the case for further proceedings.

## I.    Background

¶ 2    T.D. gave her two children, four-year-old P.D. and six-year-old C.D., to Bobian for an overnight visit.  When Bobian did not return the children, T.D. spoke with Bobian.  He said that he was not bringing the children back because P.D. had been touched inappropriately.  T.D. contacted the police, who obtained and executed an arrest warrant at Bobian's home, where officers found the children unharmed.

¶ 3    The prosecution charged Bobian with two counts of second degree kidnapping, one for each child.  *See* § 18-3-302(2), C.R.S. 2025.  The prosecution later amended the complaint to add three habitual criminal counts for prior felony convictions.  *See* § 18-1.3-801(2), C.R.S. 2025.  Bobian pleaded not guilty and proceeded to a jury trial.

¶ 4    Bobian asked the trial court to instruct the jury on a choice of evils affirmative defense, asserting that P.D. had alleged sexual

1

abuse by T.D.'s boyfriend and that Bobian had not returned the children because he was concerned about their safety. *See* § 18-1-702, C.R.S. 2025 (defining the choice of evils affirmative defense). The court agreed to give a choice of evils instruction with respect to P.D., but it declined to give one regarding C.D. because C.D. had not alleged any sexual abuse. After hearing the evidence, the jury acquitted Bobian on the charge of kidnapping P.D., but it found him guilty of kidnapping C.D. The court then adjudicated Bobian a habitual criminal and, after conducting an abbreviated proportionality review, sentenced him to twenty-four years in prison.

¶ 5      Bobian appealed and asserted, among other things, that the trial court erred by denying him an extended proportionality review of his sentence. A division of this court rejected his appellate contentions, affirming the judgment and sentence. *See People v. Bobian*, (Colo. App. No. 16CA1999, Nov. 7, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 6      Bobian then filed a timely pro se Rule 35(c) motion. The postconviction court appointed counsel for Bobian, and counsel

filed a supplemental motion. After holding an evidentiary hearing, the court denied Bobian's Rule 35(c) claims in a written order.

## II.    Analysis

¶ 7    Bobian contends that the postconviction court erred when it denied his Rule 35(c) motion. Specifically, he asserts that the postconviction court erred by not (1) granting him a new proportionality review or finding that his appellate counsel should have raised new supreme court precedent as part of his appeal; (2) finding that his counsel was ineffective for failing to convey a plea offer to him; and (3) finding that his counsel was ineffective for certain actions taken before and during trial. We agree in part.

### A.    Standard of Review and Applicable Law

¶ 8    We review the denial of a Rule 35(c) motion after a hearing as a mixed question of fact and law. *People v. Corson*, 2016 CO 33, ¶ 25. We defer to the postconviction court's factual findings if supported by the record, but we review de novo the court's ultimate conclusions on performance and prejudice. *People v. Sharp*, 2019 COA 133, ¶ 12. The court determines the weight and credibility to give witness testimony in a Rule 35(c) hearing. *People v. Hardin*, 2016 COA 175, ¶ 39. Accordingly, "[w]here the evidence in the

record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review." *People v. Wardell*, 2020 COA 47, ¶ 27.

¶ 9    To succeed on an ineffective assistance of counsel claim, the defendant must establish that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, meaning that a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007); *see also People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005) ("To demonstrate [ineffective assistance of appellate counsel], the defendant must show a reasonable probability that, but for counsel's errors, he or she would have prevailed on the appeal."). A postconviction court may reject an ineffective assistance claim if the defendant fails to establish either deficient performance or prejudice. *See People v. Aguilar*, 2012 COA 181, ¶ 9.

## B. Proportionality Review and Ineffectiveness Under *Wells-Yates*

¶ 10    Bobian asserts that the postconviction court erred by denying his request for a new proportionality review in light of *Wells-Yates v. People*, 2019 CO 90M.  In the alternative, Bobian asserts that the court erred by denying his claim that his appellate attorney was ineffective in his direct appeal for failing to file a notice of supplemental authority, a request for supplemental briefing, or a petition for rehearing after the supreme court announced *Wells-Yates*.  We disagree with his first contention, but we agree with the second.

¶ 11    The Eighth Amendment protects defendants from sentences that are grossly disproportionate to the crime committed.  *Id.* at ¶ 5.  Accordingly, a defendant is entitled, on request, to a proportionality review of a sentence under the habitual criminal statute.  *McDonald v. People*, 2024 CO 75, ¶ 11.  In the first stage — an abbreviated proportionality review — a court considers the gravity or seriousness of the offense in relation to the harshness of the penalty.  *Wells-Yates*, ¶¶ 10-11.  If the abbreviated review gives rise to an inference of gross disproportionality, then the court will

"proceed to the second stage, known as an extended proportionality review." *McDonald*, ¶ 14.

¶ 12    In *Wells-Yates*, the supreme court clarified existing law on proportionality reviews. Among other things, the supreme court explained that when conducting an abbreviated proportionality review "the court must consider each triggering offense and the predicate offenses together and determine whether, in combination, they are so lacking in gravity or seriousness as to raise an inference that the sentence imposed on that triggering offense is grossly disproportionate." *Wells-Yates*, ¶ 2. The supreme court also held that, "in determining the gravity or seriousness of the triggering offense and the predicate offenses, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively." *Id.*

¶ 13    In this case, the trial court adjudicated Bobian a habitual criminal and sentenced him to twenty-four years in prison based on three prior convictions: (1) attempted criminal trespass in 2001; (2) criminal mischief in 2002; and (3) attempted theft of $500 to $15,000 in 2006. After an abbreviated proportionality review, the court determined that Bobian's sentence did not give rise to an

inference of gross disproportionality and declined to conduct an extended proportionality review.

¶ 14    On direct appeal, Bobian asserted that the trial court had erred by declining to conduct an extended proportionality review. *See Bobian*, No. 16CA1999, slip op. at ¶ 28. After considering the facts of Bobian's predicate offenses, the division concluded that, while none of the prior convictions were for crimes deemed grave or serious, the "underlying actions in his predicate offenses [were] grave and serious." *Id.* at ¶ 38. For example, the division noted that the facts alleged in two of the cases supported a charge of burglary, which, at that time, constituted a per se grave or serious offense. *Id.* at ¶ 40.

¶ 15    At the evidentiary hearing, Bobian's appellate expert testified that, considering that *Wells-Yates* was announced a few days before the announcement of Bobian's appeal, the attorney should have either (1) filed a notice of supplemental authority, *see* C.A.R. 28(i); (2) asked to submit supplemental briefing, *see* C.A.R. 27(a); or (3) petitioned for rehearing, *see* C.A.R. 40(a). The expert also testified that "if you run the [division's] analysis of the proportionality challenge through *Well-Yates*, you very likely end up

7

in a different place." Among other things, the expert said that second degree burglary was no longer per se grave and serious and the division "completely ignore[d] the legislative changes," even though they were raised by Bobian's appellate attorney. The expert witness testified that Bobian's class 4 felony criminal mischief conviction had been reclassified to a class 6 felony, while his class 5 attempted felony theft conviction had been reclassified to a class 2 misdemeanor.

¶ 16     The postconviction court denied Bobian's request for a new proportionality review because he raised the proportionality of his sentence on direct appeal, and Rule 35(c)(3)(VI) required it to deny any claim that was raised and resolved in a direct appeal. The court also determined that the exceptions in Rule 35(c)(3)(VI)(a)-(b) did not apply. Because his claim did not involve newly discovered evidence and *Wells-Yates* did not announce a new substantive rule, *see McDonald*, ¶ 34, we agree. We therefore discern no basis to reverse this decision.

¶ 17     As to Bobian's ineffective assistance of appellate counsel claim, the postconviction court determined that Bobian failed to establish any prejudice from his appellate counsel's failure to

submit supplemental authority, ask for supplemental briefing, or petition for rehearing.  In support, the court determined that (1) "the standard articulated in *Wells-Yates* and the standard used by the Court of Appeals in analyzing the proportionality of [Bobian's] sentence were nearly identical," and (2) "the Court of Appeals was presented with subsequent legislative changes."

¶ 18    We disagree with the postconviction court's conclusion on this point.  Although the division conducted the proportionality review by considering Bobian's triggering and predicate offenses together to determine whether they were so lacking in gravity or seriousness as to raise an inference of gross disproportionality, the division's analysis would likely have been different under *Wells-Yates*.  First, in light of *Wells-Yates*, second degree burglary is no longer considered per se grave or serious.  *See People v. Session*, 2020 COA 158, ¶ 49.  Second, even though Bobian's appellate attorney presented evidence of the legislative changes, nothing in the opinion suggests that the division considered those changes in reaching its

decision.[1] *See Wells-Yates*, ¶ 53 (concluding that, because the division did not consider the statutory changes, it erred).[2]

¶ 19     We therefore conclude that the postconviction court erred by determining that Bobian had failed to establish prejudice because a reasonable probability exists that the outcome of the appeal would have been different. *See Long*, 126 P.3d at 286. We reach this conclusion because, following *Wells-Yates*, divisions of this court have frequently reversed or vacated sentences and remanded cases for a new proportionality review under similar circumstances. *See, e.g., People v. Caime*, 2021 COA 134, ¶ 57 (remanding to the trial court for a new proportionality review where the predicate offenses

[1] The partial dissent correctly notes that Bobian didn't specifically raise legislative changes in his appellate briefs. However, the legislative changes were argued to the postconviction court, which relied on the legislative changes being presented to the division on direct appeal as a justification for concluding that the division's analysis wouldn't have changed under *Wells-Yates v. People*, 2019 CO 90M. Thus, the legislative changes are a key part of the court's rationale in the order challenged on appeal. We therefore respectfully disagree that the legislative changes cannot serve as one of the bases for reversal. Moreover, we may "notice any error appearing of record." C.A.R. 1(d).

[2] The People assert that the relevant statutory changes were "intended merely to account for inflation." But the People don't cite any authority that these types of changes aren't nonetheless relevant under *Wells-Yates*, 2019 CO 90M.

were not considered per se grave and serious after *Wells-Yates*); *People v. Tran*, 2020 COA 99, ¶ 97-101 (remanding, in part, because the trial court did not consider subsequent legislative amendments, and it considered a second degree burglary conviction as per se grave and serious).

¶ 20     Finally, although the postconviction court questioned whether appellate counsel's performance was deficient under the circumstances, it did not definitively rule on whether Bobian's appellate counsel's performance was deficient for failing to raise *Well-Yates*.[3]  *See Aguilar*, ¶ 9.  Because the question of whether appellate counsel performed deficiently requires additional factfinding, which is not our role, *see People v. A.W.*, 982 P.2d 842, 852 (Colo. 1999), we must reverse and remand the order to the postconviction court for further findings and conclusions.

---

[3] The postconviction court was, in part, skeptical that appellate counsel should have addressed *Wells-Yates* in the three day window between when it was announced and the announcement of the division's opinion in Bobian's direct appeal.  Regardless, counsel would have had an additional fourteen days after the division's opinion was announced to file a petition for rehearing or move for additional time to do so.  *See* C.A.R. 40(a)(1).

## C. Ineffectiveness for Failing
## to Present Plea Negotiations

¶ 21    Bobian contends that the postconviction court erred by denying his claim that his trial attorney was ineffective for failing to present him with favorable plea offers.  We disagree.

¶ 22    If a plea offer is extended to a defendant through counsel but counsel fails to convey the offer to the defendant, the deficient performance prong under *Strickland* is met even if the defendant received a fair trial.  *See People v. Perry*, 68 P.3d 472, 477 (Colo. App. 2002); *see also People v. Delgado*, 2019 COA 55, ¶ 17 ("Failure to correctly advise a defendant about [a plea offer] deprives the defendant of the opportunity to make a reasonably informed decision whether to accept or reject an offer and constitutes deficient performance under *Strickland*.").  To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's failure to convey the plea offer, he would have accepted the plea offer rather than going to trial.  *See Carmichael v. People*, 206 P.3d 800, 807 (Colo. 2009), *overruled on other grounds by*, *Lafler v. Cooper*, 566 U.S. 156 (2012).

¶ 23    At the hearing, Bobian maintained that the prosecution had tendered two plea offers to his attorney, but his attorney did not present either of those offers to him. The two purported offers and the court's ruling were as follows:

- Offer 1: Bobian would plead guilty to false imprisonment, a class 5 felony with a stipulated sentence of four years in prison with two years parole.

- Offer 2: A plea agreement that would result in a term of probation.

- After hearing the evidence, the postconviction court found that plea counsel presented Offer 1 to Bobian, but he rejected it. The court also found that, contrary to Bobian's assertion, the prosecution never made Offer 2. Rather, the court concluded that, when counsel mentioned Offer 2 during his attorney disciplinary case, he was referring to Offer 1. Specifically, the court found that "[t]he discrepancies in trial counsel's later recollection of whether the offer was an offer which would have resulted in probation rather than parole can be explained by the passage of time." The court also determined that, even if

counsel failed to properly convey a plea agreement, the evidence did not support a conclusion that Bobian would have accepted a plea agreement.

¶ 24 We cannot disturb this determination because the record supports the postconviction court's findings. *See Wardell*, ¶ 27; *Hardin*, ¶ 39; *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). The prosecution submitted proposed plea paperwork that described Offer 1. In pertinent part, Bobian's trial attorney testified that he presented Bobian with Offer 1, but Bobian rejected the offer because "he felt he was innocent" and did not want to be subject to any supervision by either parole or probation. Bobian's attorney also testified that he could not remember whether the plea offer included a probation term rather than a parole term, but he clarified that there was only one offer and that offer "would have been no jail time." And Bobian did not present any evidence beyond his own testimony that the prosecution had ever tendered an offer involving probation.

### D. Ineffective Preparation and Performance of Counsel at Trial

¶ 25 Bobian argues that the postconviction court erred by denying his claims that trial counsel was ineffective in counsel's preparation for and performance during the trial. Specifically, Bobian asserted that his attorney (1) failed to properly investigate the case because he did not interview T.D. or the children's grandmother, R.H.; (2) did not prepare him to testify at trial, and during his testimony, did not assist him on direct examination or object during cross-examination; and (3) improperly elicited prejudicial statements — which the trial court had already precluded before trial — about a relationship between him and T.D. when she was underage.

¶ 26 The postconviction court did not determine whether any of these acts constituted deficient performance. Instead, the court found that, even if counsel performed deficiently, none of the errors could have impacted the outcome of the case because Bobian "admitted to the crimes charged" when he decided to present a choice of evils affirmative defense.

¶ 27 We disagree because it is undisputed that the trial court allowed Bobian to present the affirmative defense of choice of evils

only with respect to P.D., and the jury found Bobian not guilty of kidnapping P.D. As to C.D., Bobian did not "admit[] to the crimes charged," as the postconviction court found. Rather, Bobian attempted to establish that he did not intend to keep or conceal C.D. from her mother and that her mother was an unreliable witness. Therefore, we are not convinced by the postconviction court's reasoning that, even if counsel performed deficiently, these errors could not have impacted the outcome of the case. *See People v. Sifuentes*, 2017 COA 48M, ¶ 20 (noting that the reasonable probability standard is a "probability sufficient to undermine confidence in the outcome" and is a lower standard than preponderance of the evidence).

¶ 28    Because the postconviction court did not rule on whether Bobian's trial counsel's performance was deficient, we must also reverse and remand this part of the order to the postconviction court for further findings and conclusions. *See A.W.*, 982 P.2d at 852; *Aguilar*, ¶ 9.

E.    Claim Raised for the First Time on Appeal

¶ 29    Bobian asserts, for the first time, that the prosecution failed to disclose statements made by T.D. Because this issue is not

16

properly before us, we decline to address it. *See People v. Goldman,* 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a [Rule] 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

## F.     Abandoned Claims

¶ 30     Any claims that Bobian raised in his postconviction motion, in his supplemental motion, or at the hearing but did not reassert in this appeal are abandoned. *See People v. Osorio,* 170 P.3d 796, 801 (Colo. App. 2007).

## III.     Disposition

¶ 31     The order is affirmed in part and reversed in part. The case is remanded to the postconviction court for it to reconsider whether Bobian has established ineffective assistance of his trial or appellate counsel in the areas discussed, *supra* Part II.B and Part II.D.

JUDGE FOX concurs.

JUDGE SULLIVAN, concurring in part and dissenting in part.

¶ 32    I agree with the majority's well-reasoned decision except for its conclusion in Part II.B to reverse in part.  Specifically, I disagree with the majority that the postconviction court erred when it denied Bobian's claim that his direct appeal counsel provided ineffective assistance by failing to raise *Wells-Yates*, 2019 CO 90M.  In my view, no reasonable probability exists that the division that heard Bobian's direct appeal would have ruled differently had his appellate attorney brought *Wells-Yates* to the division's attention.  I therefore respectfully dissent from the majority's decision to reverse the postconviction court's order on that issue.

## I.    Additional Background

¶ 33    Bobian initially raised an Eighth Amendment proportionality argument with the trial court, prior to his direct appeal.  That court conducted an abbreviated proportionality review and concluded his sentence wasn't grossly disproportionate.

¶ 34    On November 4, 2019, the Colorado Supreme Court announced its decision in *Wells-Yates*, seeking to "clarify" the proportionality framework for habitual sentences in Colorado. *Wells-Yates*, ¶ 25; *see also McDonald v. People*, 2024 CO 75, ¶¶ 29-

34 (holding *Wells-Yates* didn't announce a new substantive rule but merely clarified how to evaluate the proportionality of a habitual sentence).

¶ 35    Three days later, the division of this court considering Bobian's direct appeal affirmed his sentence without mentioning *Wells-Yates*. *See People v. Bobian*, slip op. at ¶¶ 42-43 (Colo. App. No. 16CA1999, Nov. 7, 2019) (not published pursuant to C.A.R. 35(e)). While conducting a fact-based assessment of the gravity and seriousness of Bobian's offenses as a whole, the division noted in a single sentence that the facts underlying two of his three predicate offenses — his 2002 criminal mischief conviction and his 2006 attempted theft conviction — would have supported a burglary charge, which was considered a per se grave and serious offense before *Wells-Yates*. *Id.* at ¶ 40 (citing *People v. Gaskins*, 825 P.2d 30, 37 (Colo. 1992)).

¶ 36    Bobian then filed a petition for postconviction relief under Crim. P. 35(c), claiming his direct appeal counsel provided ineffective assistance by failing to raise *Wells-Yates*. In a thorough order, the postconviction court rejected Bobian's claim, concluding that Bobian failed to prove prejudice. The court reasoned that the

19

proportionality standard articulated by *Wells-Yates* and the standard applied by the division on direct appeal were "nearly identical."

## II.    Second Degree Burglary

¶ 37    The majority concludes that a reasonable probability exists that the division considering Bobian's direct appeal wouldn't have affirmed his sentence had it considered *Wells-Yates*.  It notes that, after *Wells-Yates*, second degree burglary is no longer designated as grave or serious per se, *Wells-Yates*, ¶ 65 n.17, and yet the division partially relied on that designation when assessing the gravity and seriousness of two of Bobian's predicate offenses.  On the record before us, I see no reversible error.

¶ 38    In Bobian's direct appeal, the division analyzed Bobian's *conduct* that led to his convictions and concluded that, while none of Bobian's offenses were per se grave or serious, his "underlying actions" were "grave and serious."  *Bobian*, No. 16CA1999, slip op. at ¶¶ 38-41; *cf. Melton v. People*, 2019 CO 89, ¶ 25 (while theft isn't per se grave or serious, it may rise to a grave or serious offense based on "the facts and circumstances surrounding the particular crime committed").  No one claims that *Wells-Yates* altered how a

court analyzes whether a defendant's particular conduct amounts to a grave or serious offense. And as the postconviction court observed, the division in Bobian's direct appeal adhered to the established standard. Indeed, by "consider[ing] 'the harm caused or threatened to the victim or to society and the culpability of the offender,'" *Bobian*, No. 16CA1999, slip op. at ¶ 32 (citation omitted), the division applied the same standard recited in *Wells-Yates*, *see Wells-Yates*, ¶ 12 ("[C]ourts should consider 'the harm caused or threatened to the victim or society,' as well as 'the culpability of the offender.'" (quoting *Solem v. Helm*, 463 U.S. 277, 292 (1983))).

¶ 39    Moreover, while I agree that the division noted that Bobian's underlying conduct in two of his predicate offenses supported a burglary charge (which constituted a per se grave or serious offense before *Wells-Yates*), I don't believe the division's ultimate conclusion depended on that premise. As I read it, the division determined that Bobian's predicate offenses were grave or serious because, in each case, Bobian "entered a dwelling that was not his own without permission . . . [when] a resident of the dwelling was home," which "would reasonably cause residents to have a heightened sense of alarm, resulting in an increased potential for violence." *Bobian*, No.

21

16CA1999, slip op. at ¶ 39.  Again, that type of fact-specific analysis is consistent with *Wells-Yates*.  *See Wells-Yates*, ¶ 12.  I'm unaware of any case in Colorado in which an appellate court has reversed or vacated a sentence for a new proportionality review based on an offense no longer qualifying as a per se grave or serious crime when the lower court *also* performed a factual analysis of the underlying conduct and determined that the defendant's offense, as committed, was grave or serious.[1]

¶ 40     Finally, neither *Wells-Yates* nor the majority's analysis impacts the division's conclusion that Bobian's triggering offense and his 2001 predicate offense were factually grave or serious as committed.  *See Bobian*, No. 16CA1999, slip op. at ¶ 41.  Once a court determines that an offense is grave or serious, "any review [of the harshness of the penalty] is substantially circumscribed because the legislature's establishment of the harshness of the

---

[1] The majority cites *People v. Caime*, 2021 COA 134, and *People v. Tran*, 2020 COA 99, to support its decision to reverse and remand. But in both cases, the divisions remanded for a new proportionality review because the trial courts' designations of certain offenses as per se grave or serious were no longer correct after *Wells-Yates*.  *See Caime*, ¶¶ 47-48; *Tran*, ¶¶ 96-103.  Unlike the division's analysis here on direct appeal, no fact-specific analysis occurred in either *Caime* or *Tran*.

penalty deserves great deference." *Wells-Yates*, ¶ 62. This, too, suggests the division wouldn't have changed its decision had it considered *Wells-Yates*.

¶ 41 Given all this, I don't perceive a reasonable probability that the division would have altered its proportionality conclusion had *Wells-Yates* been brought to its attention. *See People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005).

## III. Legislative Changes

¶ 42 The majority also points out that the division in Bobian's direct appeal didn't consider intervening legislative changes as *Wells-Yates* requires. But Bobian doesn't mention any legislative changes in either his opening or reply brief, much less develop any argument supporting reversal based on such changes.

¶ 43 In light of his limited argument, I wouldn't rely on unspecified legislative changes as a basis for reversing the postconviction court's judgment. *See Galvan v. People*, 2020 CO 82, ¶ 45 ("[W]e adhere to the party presentation principle, which relies on the parties to frame the issues to be decided and assigns to courts the role of neutral arbiters of the matters raised."); *People v. Larsen*, 2023 COA 28, ¶ 19 n.4 (declining to consider "conclusory and

23

insufficiently developed" arguments regarding sentencing in an appeal from a postconviction proceeding).

## IV.   Conclusion

¶ 44    For these reasons, I respectfully dissent from the majority's decision to reverse in Part II.B.